# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WELLFOUNT, CORPORATION, | ) | CASE NO. 5:19-cv-1473 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| HENNIS CARE CENTRE OF BOLIVAR, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On July 19, 2019, plaintiff filed what it represented was an unopposed motion for an order "dismissing the instant case, without prejudice and with the right to refile, under Fed. R. Civ. P. 41(a)(2)." (Doc. No. 8.) In support of its motion, plaintiff stated that defendants will suffer no prejudice in that their clients would prefer to litigate this matter in the Tuscarawas County Common Pleas Court, and that in fact defendants had "insisted" that a contractual forum selection claim providing for litigation in state court in Tuscarawas County, Ohio controlled venue in this case. (*Id*. at 52[1].)

The same day (July 19, 2019), defendants filed a motion to convert plaintiff's motion to dismiss under Rule 41(a)(2) into a notice of dismissal under Fed. R. Civ. P. 41(a)(1)(i). (Doc. No. 9.) Plaintiff opposed the motion to convert (Doc. No. 10), and defendants have filed a reply. (Doc. No. 11.) Defendants posit that the dismissal should be effected by a notice under Rule 41(a)(1)(i) because defendants had not yet answered or filed a motion for summary judgment.

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

They complain that plaintiff is only seeking dismissal under Rule 41(a)(2) because it had previously dismissed this action in an Indiana court by notice and a second dismissal under Rule 41(a)(1)(A)(i) would operate as a bar to further litigation under the "two dismissal" rule. Plaintiff does not deny that the reason for seeking leave to dismiss under Rule 41(a)(2) is because "a second Rule 41(a)(1)(A)(i) dismissal would arguably bar further litigation." (Doc. No. 10 at 64.) It explains that "[i]n order to avoid this concern—while assuaging [d]efendants' concerns about venue and avoiding unneeded motion practice—[plaintiff's] counsel specifically requested that [d]efendants consent to a dismissal under Rule 41(a)(2)." (*Id.*)

Rule 41(a) of the Federal Rules of Civil Procedure provides two ways for a plaintiff to voluntarily dismiss a complaint: without a court order pursuant to Rule 41(a)(1) or by motion and court order pursuant to Rule 41(a)(2). To dismiss the complaint without a court order, a plaintiff must file a "notice of dismissal" before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). "Unless the notice . . . states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).

Rule 41(a) also provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless stated otherwise in the order, "a dismissal under [Rule 41(a)(2)] is without prejudice." *Id*. Rule 41(a)(2) does not contain the mandatory language regarding the consequences of seeking multiple dismissals, and, as such, courts have held that Rule 41(a)(2) does not implicate the "two dismissal" rule. *See, e.g., ASX Ins. Corp. v. Newton*, 183 F.3d 1265,

1268 (11th Cir. 1999) (concluding that plaintiff's first dismissal, which occurred by motion and court order pursuant to Rule 41(a)(2) did not implicate the Rule 41(a)(1) "two dismissal" rule); *Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 640 (7th Cir. 1987) ("[The 'two dismissal' rule] does not apply to a dismissal by stipulation nor to an involuntary dismissal nor to dismissal by court order under Rule 41(a)(2))."

In seeking to convert the Rule 41(a)(2) motion to a Rule 41(a)(1) notice, defendants essentially argue that, before an answer or summary judgment motion is filed, Rule 41(a)(1) always controls voluntary dismissals. Defendants are wrong. While the filing of an answer or motion for summary judgment precludes Rule 41(a)(1) as an avenue for voluntary dismissal, there is noting in the language of Rule 41 that prevents a plaintiff from utilizing Rule 41(a)(2) before the filing of such documents. *See Logue v. Nissan N. Am., Inc.*, No. 08-2023-STA/dkv, 2008 WL 2987184, at *1 (W.D. Tenn. July 30, 2008) (holding that "it is not impossible for a plaintiff to file a motion pursuant to Rule 41(a)(2) even when the relief of paragraph (1) is still available")[2]; *see e.g., Cunningham v. Whitener*, 182 F. App'x 966, 970 (11th Cir. 2006) (holding that where plaintiff filed a Rule 41(a)(2) motion before an answer or motion for summary judgment was served, Rule 41(a)(2) applied, and the complaint could not be dismissed without a court order).

The reason Rule 41(a)(2) is always available to a plaintiff can be found in the purpose of the Rule 41(a)(1) "two dismissal" rule. "[T]he primary purpose of the 'two dismissal' rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the

---

[2] In *Logue*, the court explained, "[b]ased on the plain language of Rule 41(a), . . . paragraph (2) is the general rule on voluntary dismissal and paragraph (1) contains the exceptions permitting dismissal without leave of court." *Id*.

filing of the defendant's responsive pleading." *ASX Inv. Corp.*, 183 F.3d at 1268; *see also Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) ("The reason for this arbitrary limitation [set out in the 'two dismissal' rule] . . . is to prevent unreasonable abuse and harassment.") In contrast, "a dismissal obtained by motion and order of the court under Rule 41(a)(2) or similar state rule is not unilateral and does not pose the same danger of abuse or harassment as does a Rule 41(a)(1) dismissal by plaintiff's notice." *ASX Inv. Corp.*, 183 F.3d at 1268; *see Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (The "primary purpose" of requiring court approval [under Rule 41(a)(2)] "is to protect the nonmovant from unfair treatment" in the form of "plain legal prejudice"). "In ruling on such motions, a court has discretion to determine whether the dismissal will be with or without prejudice and with or without conditions based on its view of the case and the plaintiff's actions." *ASX Inv. Corp.*, 183 F.3d at 1268.

For all of the reasons stated above, the Court shall treat plaintiff's request as it was presented to the Court—a motion to voluntarily dismiss under Rule 41(a)(2). Under that provision, the propriety of dismissal turns on a number of factors, including the "defendant['s] effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendants[.]" *Grover*, 33 F.3d at 718.

Dismissal will not subject defendants to "plain legal prejudice." *See id*. Plaintiff filed its Rule 41(a)(2) motion less than one month after filing its complaint and before any answers or motions had been filed. Nothing in the record suggests that the parties have begun discovery, let

alone engaged in trial preparations. Moreover, plaintiff has explained that it is willing to prosecute this matter in state court to assuage defendants' concern that a forum selection clause governs the case and to avoid unnecessary motion practice in this Court. *See, e.g., Luckey v. Butler Cty.*, No. 1:05CV388, 2006 WL 91592, at *2 (S.D. Ohio Jan. 13, 2006) (noting that "a plaintiff's [Rule] 41(a)(2) motion is not *per se* improper simply because the plaintiff seeks leave to re-litigate the case in some other forum") (citing *Grover*, 33 F.3d at 718). Finally, defendants do not deny that they have expressed a desire to litigate this contract matter in state court. Absent some strong showing of prejudice, the fact that plaintiff has twice sought to bring and dismiss this action is insufficient to warrant a denial of its motion to voluntarily dismiss.[3]

Plaintiff seeks a dismissal without prejudice, which is the default outcome for grants of Rule 41(a)(2) motions. Nonetheless, the Sixth Circuit has found that Rule 41(a)(2) "implicitly permits" this Court "to dismiss an action *with* prejudice in response to a plaintiff's motion to

---

[3] That is not to say that continual filings and dismissals under Rule 41(a)(2) could lead to a denial of future relief under this paragraph. As the Eleventh Circuit explained:

> It does not follow that there is no limit at all on the number of [Rule 41(a)(2)] dismissals . . . While there is no precise digital answer, the mere repetition of such occurrence may, in and of itself, become so oppressively prejudicial as to require the sound conclusion that even once more is too much. This along with countless elements, traditionally called upon to underpin our concepts of reasonableness and fairness, goes into the process of sound discretion of the trial court, as [Rule] 41(a)(2) says, "as the court deems proper."

*ASX, Inv. Corp.*, 183 F.3d at 1268 (quotation marks and citation omitted). Exercising its discretion, the Court simply finds that the record does support a finding at this point that plaintiff's trial tactics have become oppressively prejudicial.

dismiss *without* prejudice." *United States v. One Tract of Real Property Together With all Bldgs., Improvements, Appurtenances, Buildings, & Fixtures*, 95 F.3d 422, 425 (6th Cir. 1996) (emphasis added). However, because a dismissal with prejudice operates as an adjudication on the merits precluding further litigation, the Court must notify plaintiff of its intent to dismiss with prejudice and permit plaintiff the opportunity to consider withdrawing its Rule 41(a)(2) motion. *Id.* at 426. The Court declines to initiate this process because it finds that dismissal with prejudice would be inappropriate.

As set forth above, the Court cannot say on the basis of the record before it that plaintiff's conduct is worthy of the drastic remedy of dismissal with prejudice. *See also Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir. 1980) (noting that dismissal with prejudice under Rule 41(b) is a "harsh" remedy reserved for "extreme situations where a plaintiff has engaged in a clear pattern of delay or contumacious conduct") (quotation marks and citation omitted). Further, defendants have not sought, and the Court does not find reason for, the imposition of costs and fees.

Accordingly, the Court denies defendants' motion (Doc. No. 9) to convert, and grants plaintiff's motion (Doc. No. 8) to voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41(a)(2).

**IT IS SO ORDERED**.


Dated: July 29, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**